UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE M. BEATON,

            Plaintiff,

vs.                              Case No. 2:11-cv-525-FtM-99DNF

SARGENT B.E. COWART, Officer,

            Defendant.
_____

### OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss, and Motion for Sanctions Based Upon Plaintiff's Failure to Disclose Prior Filings (Doc. #29, Motion). Defendant attaches numerous exhibits in support of his Motion (Docs. #29-1 through 29-16, Exhs. A-P). Plaintiff filed a response in opposition to the Motion (Doc. #32, Response) and attached exhibits in support (Doc. #33-1 through #33-7, Exhs. 1-7). This matter is ripe for review.

Plaintiff, who is incarcerated within the Florida Department of Corrections, initiated this action by delivering a civil rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) to correctional officials for mailing on September 13, 2011. The Complaint alleges a First Amendment retaliation claim against Defendant in connection with disciplinary action taken against Plaintiff as a result of Plaintiff writing a twelve (12) page "informal complaint" to Defendant Cowart. See generally Complaint. Defendant seeks dismissal of Plaintiff's Complaint on the basis that: (1) Plaintiff has abused the judicial process by failing to

completely disclosed his prior federal and state actions relating to his imprisonment or the conditions thereof; and (2) the action otherwise fails to state a claim upon which relief can be granted. Motion at 10, 14. In particular, Defendant points out that Plaintiff failed to identify in his Complaint the following actions which he had filed prior to filing the instant Complaint: four (4) civil rights lawsuits in federal court; two (2) appeals to the Eleventh Circuit; eight (8) habeas corpus proceedings in federal court; and, twelve (12) extraordinary writ petition in various state courts. Id. at 9.[1] In the alternative Defendant contends

---

[1] Prior to filing the instant action, Plaintiff initiated the following federal civil rights actions:

> On December 8, 1998, Plaintiff filed Beaton v. Singletary, Case No. 4:98-cv-00416-WS-WCS, in the Middle District of Florida. Ex. B.
>
> On August 31, 2011, Plaintiff filed Beaton v. Blue, Case No. 3:11-cv-411, in the Northern District of Florida. Ex. C.
>
> On August 31, 2011, Plaintiff filed Beaton v. Diermyer, Case No. 3:11-cv-412, in the Northern District of Florida. Ex. D.
>
> On September 1, 2011, Plaintiff filed Beaton v. Grant, Case No. 3:11-cv-419, in the Northern District of Florida. Ex. F.

Additionally, Plaintiff filed the following state actions:

> On April 30, 1999, Plaintiff filed Case No. 1999-CA-185 in Madison County, appealing his receipt of a disciplinary report. Ex. P at 1-2.
>
> On June 18, 1999, Plaintiff filed Case No. 1999-CA-224 in

(continued...)

---

[1](...continued)
Madison County, appealing his receipt of a disciplinary report. Ex. P at 3-4.

On June 30, 2000, Plaintiff filed a mandamus petition docketed as Case No. 2000-CA- 350 in Madison County. Ex. P at 5.

On March 28, 2001, Plaintiff filed a mandamus petition docketed as Case No. 2001-CA-123 in Madison County. Ex. P at 6.

On October 15, 2004, Plaintiff filed a mandamus petition docketed as Case No. 2004-CA-498 in Madison County. Ex. P at 7.

On October 18, 2004, Plaintiff filed a mandamus petition docketed as Case No. 2004-CA-502 in Madison County. Ex. P at 8.

On November 1, 2004, Plaintiff filed a mandamus petition docketed as Case No. 2004-CA-520 in Madison County. Ex. P at 9.

On September 14, 2006, Plaintiff filed a mandamus petition docketed as Case No. 2006-CA-781 in Desoto County. Ex. P at 10.

On April 11, 2008, Plaintiff filed a mandamus petition docketed as Case No. 2008-CA-367 in Desoto County. Ex. P at 11. This proceeding was eventually transferred to Leon County, and docketed as Case No. 2009-CA-3659. Ex. O at 12-13.

On July 28, 2008, Plaintiff filed a mandamus petition docketed as Case No. 2008-CA-2471 in Leon County. Ex. P at 14-15. This proceeding was eventually determined to be a petition seeking habeas corpus relief, was transferred to Santa Rosa County, and was docketed as Case No.: 2009-CA-773. Ex. P at 16.

On July 31, 2009, Plaintiff filed a mandamus petition docketed as Case No. 2009-CA-2966 in Leon County. Ex. P at 17.

On August 14, 2009, Plaintiff filed a mandamus petition
(continued...)

that Plaintiff's retaliation claim stemming from his disciplinary action fails to state a claim upon which relief can be granted because Plaintiff was afforded due process in his disciplinary proceeding. <u>Id.</u> at 16-17.

If the Court determines that the allegation of poverty is untrue, the action is frivolous, malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss the case <u>at anytime</u>. 28 U.S.C. § 1915(e)(2). Further "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." <u>Attwood v. Singletary</u>, 105 F.3d 610, 613 (11th Cir. 1997)(citations omitted). Additionally, the Court may impose sanctions, including dismissal of an action, "if a party knowingly files a pleading that contains false contentions." <u>Redmond v. Lake County Sheriff's Office</u>, 414 F. App'x 221, 225 (11th Cir. 2011)(citing Fed. R. Civ. P. 11(c)); <u>see also</u> <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir.

---

<sup>1</sup>(...continued)
    docketed as Case No. 2009-CA-3137 in Leon County. Ex. P at 18.

In addition to filing numerous § 2254 habeas petitions challenging his underlying conviction, Plaintiff also filed another § 2241 habeas actions in federal court in connection with his disciplinary proceedings within the Florida Department of Corrections:

    On July 10, 2009, Plaintiff's filed a habeas corpus petition in <u>Beaton v. McNeil</u>, Case No. 3:09-cv-302-LC-EMT, in the Northern District of Florida. Ex. O.

1998)(abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007))(affirming dismissal of action where litigant lied under penalty of perjury about the existence of other lawsuit as abuse of judicial process, finding that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of judicial process [was] precisely the type of strike that Congress envisioned when drafting section 1915(g)."). See also Hood v. Tomkins, 197 F. App'x 818, 819 (11th Cir. 2006)(affirming dismissal without prejudice by district court as Rule 11 sanction for Plaintiff's failure to disclose litigation history); Beaton v. Valverde, Case No. 12-11265 (11th Cir. June 29, 2012)(finding Beaton's appeal of the district court's dismissal as a sanction for Beaton's abuse of judicial process frivolous).

Here it is undisputed that Plaintiff did not accurately identify the cases he had filed in state and federal court in his Complaint. See generally Complaint and Response. The questions on the complaint form are not ambiguous. Hood, 197 F. App'x at 819. Plaintiff argues that his failure should be excused because: (1) he responded in the affirmative to questions A and B on the complaint form that he had initiated other lawsuits but only failed to identify all of his lawsuits; (2) Plaintiff subsequently filed a "Notice of Pendency of Other Cases" in which he identified the four other civil rights cases; and, (3) Plaintiff filed an amended complaint within twenty-one (21) days of Defendant's Motion and he

should be permitted to amend his complaint consistent with Federal Rule of Civil Procedure 15(a) to correct these omissions. Response at 3-6.

Upon review of the Complaint, Plaintiff did answer affirmatively as to whether he initiated any other lawsuits in <u>state</u> <u>court</u> (Question A) and <u>federal</u> <u>court</u> (Question B). However, in response to Question C,[2] Plaintiff only identified two cases, a habeas action filed in the Northern District of Florida at case number 3:09-cv-353, and a state writ of mandamus at case number 2008-CA-002163. Complaint at 5-6. Admittedly, on November 16, 2011, Plaintiff filed a handwritten Notice of Pendency of Other Actions (Doc. #12, Notice 1) in which he stated that he had "one other pending civil complaint section 1983 lawsuit in the Northern District, Panama City Division, that is not related to this case" and identified the case at case number 5:11-cv-324-RS/GRJ. Notice 1 at ¶5. Plaintiff also filed the one-page form Notice of Pendency of Other Actions without any attachments indicating that the action was not related to any pending or closed civil or criminal cases

---

[2]Question C states:

> If your answer to either A or B is YES, describe <u>each</u> lawsuit in the space provided below. If there is more than one lawsuit, describe <u>all</u> additional lawsuits on a separate piece of paper, using the format as below.

Complaint, Section IV. C (emphasis added).

with this Court or any other Federal or State court, or administrative agency. Doc. #13.

The Court finds Plaintiff's failure to fully and accurately respond to the questions on the complaint form was made knowing and intentional. Here, Plaintiff did not fail to identify just one or two cases as an oversight. Instead, Plaintiff failed to identify sixteen cases, not including the seven (7) other § 2254 habeas petitions he filed challenging his underlying conviction. Further, Plaintiff's assertion that he attempted to rectify his incomplete and inaccurate responses in his Complaint by identifying the four civil rights cases in an attachment to his Notice of Pendency of Other Actions is false. <u>See</u> Response at 4 (asking the Court to take judicial notice that Plaintiff filed Notice of Pendency of Other Actions to which Plaintiff "attached a separate page thereto, enumerating the four (4) prior or then pending civil lawsuits" and attaching a copy as an exhibit to his Response). Notably, Plaintiff filed two Notices of Pendency of Other Actions. Docs. ##12-13. Neither Notice attaches "a separate page" identifying these four other federal actions. <u>See Id.</u> The copy of the alleged Notice with the attachment that Plaintiff now presents to the Court with the four cases identified is not the same Notice he previously filed with the Court. <u>Compare</u> Doc. #33 at 4-5 with Doc. #13. Additionally, Plaintiff's certification that the instant case is not related to any other pending or closed state case is also

false.  Significantly, as evidenced by Exhibit A attached to Defendant's Motion, Plaintiff's state case number 2008-CA-2163 filed in the Second Judicial Circuit in and for Leon County, Florida is directly related to the allegations contained in the Complaint.  There, the Second Judicial Circuit denied Plaintiff's writ of mandamus challenging the same disciplinary hearing he challenges herein, finding Plaintiff was afforded due process in the disciplinary hearing.  See Exh. A.  Consequently, the Court finds Plaintiff's lack of candor and/or misrepresentations to the Court regarding his filings and his certification whether this action is related to any other action is further justification to warrant dismissal of this action as a sanction for Plaintiff's abuse of the judicial process.

To the extent that Plaintiff argues that he should be allowed to amend his complaint, the Court notes that "allowing Plaintiff to amend his complaint to include [his prior] cases . . . at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history."  Brown v. Strength, Case No. 107-cv-111, 2008 WL 319440, *2 (S.D. Ga. Feb. 1, 2008)(citing Hood v. Tompkins, Case No. 605-cv-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006)(per curiam)).

Consequently, the Court finds that Plaintiff has abused the judicial process by failing to fully and accurately disclose his

entire filing history, misrepresenting the pleadings he filed with the Court, and falsely certifying that the instant action is not related to any pending or closed state actions. Further, the Court finds that the proper sanction for Plaintiff's abuse of the judicial process is dismissal of the action <u>without prejudice</u>. See, e.g., <u>Sill v. Marion County Jail</u>, Case No. 5:10-cv-204-Oc-29GRJ, 2010 WL 2367237 (M.D. Fla. June 13, 2010); <u>Crummie v. Veloz</u>, Case No. 10-23571-CIV-Ungaro, 2010 WL 5059560 (S.D. Fla. Nov. 10, 2010); <u>Paulcin v. McNeil</u>, Case No. 3:09-cv-151/LAC/MD, 2009 WL 2432684 (N.D. Fla. Aug. 6, 2009). Because the Court is dismissing this action as a sanction for Plaintiff's abuse of the judicial process, the Court need not address Defendant's alternative grounds for dismissal.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss, and Motion for Sanctions Based Upon Plaintiff's Failure to Disclose Prior Filings (Doc. #29) is **GRANTED**, and Plaintiff's Complaint is <u>dismissed without prejudice</u>.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Orlando, Florida, on this ____ day of February, 2013.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-10-